IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GUILLERMO RAMIREZ-ENRIQUEZ,** | ) | |
| Petitioners, | ) | |
| v. | ) | No. 3:11-CV-2993-G |
| | ) | |
| **ERIC HOLDER, ET AL.,** | ) | |
| Respondents. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, Petitioner's motion for temporary restraining order has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

<u>FINDINGS AND CONCLUSIONS</u>:

Petitioner is a native and citizen of Mexico. He states he is currently in custody pursuant to an order of removal. Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the order of removal and his current custody. Along with his petition, Petitioner filed a motion for temporary restraining order ("TRO") to challenge his order of removal and enjoin Respondents from removing him from the United States. The Court finds Petitioner's motion for TRO should be denied.

<u>Discussion</u>: A party seeking a TRO must establish: (1) there is a substantial likelihood of success on the merits; (2) a substantial threat exists that irreparable harm will result if the TRO is not granted; (3) the threatened injury outweighs the threatened harm to the defendant;

and (4) the granting of the TRO will not disserve the public interest. *Sugar Busters LLC v. Brennan*, 177 F.3d 258, 265 (5th Cir. 1999). In this case, Petitioner cannot show a substantial likelihood of success on the merits because under the Real ID Act of 2005, P.L. 109-13, 2005 HR 1268, 119 Stat. 231, this court lacks jurisdiction to consider his challenge to the order of removal.

Section 106 of the Real ID Act of 2005, amends § 242(a) of the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1252 (2000), by adding, *inter alia,* the following jurisdictional provision:

> (5) Exclusive Means of Review--Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

REAL ID Act § 106(a)(5).

Section 106(b) of the REAL ID Act states:

> The amendments made by subsection (a) shall take effect upon the date of the enactment of this division and shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment of this division.

REAL ID Act § 106(b).

Petitioner's TRO is challenging the validity of his removal order. The provisions of the REAL ID Act require this Court to dismiss such a challenge for lack of jurisdiction. The Court

therefore recommends that Petitioner's motion for TRO be denied.

RECOMMENDATION

For the foregoing reasons, the Court recommends that the motion for TRO be denied.

Signed this 7th day of November, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).